**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

MCCARTENEY WOOD PIERRE-LOUIS,

    Plaintiff,

v.

WE COVER HEALTH LLC,
JEREMY D. HUDSON,
MY HEALTHCARE MATTERS LLC, and
JOHNNY CRUZ,

    Defendants.

_____/

## <u>COMPLAINT</u>
*{Jury Trial Demanded}*

Plaintiff MCCARTENEY WOOD PIERRE-LOUIS ("Pierre-Louis") brings this action against Defendants WE COVER HEALTH LLC ("WCH"), JEREMY D. HUDSON ("Hudson"), MY HEALTHCARE MATTERS LLC ("MHM"), and JOHNNY CRUZ ("Cruz") and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, WCH was a Florida corporation that regularly transacted business in Broward County, Florida.

4. At all times material hereto, MHM was a Florida corporation that regularly transacted business in Broward County, Florida.

1

5.      Upon information and belief, WCH's gross sales or business generated was over $500,000 per year at all times material hereto.

6.      WCH has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

7.      WCH was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

8.      Upon information and belief, MHM's gross sales or business generated was over $500,000 per year at all times material hereto.

9.      MHM has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

10.      MHM was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

11.      At all times material hereto, Pierre-Louis engaged in interstate communication on a regular and recurring basis, including but not limited to telephone communication with customers nationwide multiple times per day.

12.      Pierre-Louis engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

13.      WCH and MHM are a single enterprise under the FLSA, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and upon information and belief have combined annual gross sales and/or business volume of $500,000 or more.

14. WCH and MHM were joint employers of Plaintiff under the FLSA, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

15. Hudson is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of WCH, ran the day-to-day operations, had operational control over WCH, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

16. Hudson is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of MHM, ran the day-to-day operations, had operational control over MHM, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

17. Cruz is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of WCH, ran the day-to-day operations, had operational control over WCH, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

18. Cruz is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of MHM, ran the day-to-day operations, had operational control over MHM, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

19. WCH operates a business engaged in health insurance sales.

20. MHM operates a business engaged in health insurance sales.

21. Pierre-Louis worked for Defendants as a office manager.

22. Defendants failed to pay Pierre-Louis's full and proper minimum wages.

3

23.     Defendants failed to pay Pierre-Louis's full and proper overtime wages.

24.     Defendants knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

25.     Attached as **Exhibit A** is a preliminary calculation of Pierre-Louis's claims including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiff engages in the discovery process.

26.     Plaintiff retained the services of the undersigned and is obligated to pay for the legal services provided.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**AGAINST ALL DEFENDANTS**

27.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-26 above as if set forth herein in full.

28.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff is entitled to (i) unpaid minimum wages, (ii) time-and-a-half overtime pay, and (iii) liquidated damages.

29.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:     (786) 924-9929
Fax:     (786) 358-6071
Email: dc@kozlawfirm.com

_____
Dillon S. Cuthbertson, Esq.
Florida Bar No. 1056382